UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JULIA JOHNSON, next friend of**
**Julianus Johnson,**

    **Plaintiff,**

vs.                                                                                              No.     08-CV-0936 JB/DJS

**UNITED STATES OF AMERICA,**

    **Defendant.**

### RECOMMENDATION

**THIS MATTER** comes before this Court following a hearing to approve settlement on behalf of a minor child held on November 24, 2009.

This action is a suit pursuant to 28 U.S.C. §1346(b)(1), the Federal Tort Claims Act. Plaintiff's son, Julianus Johnson, suffered a broken arm at the Fort Wingate Middle School in August, 2007, when he was a dormitory student at that institution. Plaintiff asserts that Defendant was negligent in its operation of the school and failed to take reasonable care in that operation. Defendant asserts that the injury was caused by the child's own actions and by the actions of a third party and denies that it is liable.

Following a settlement conference held on October 28, 2009, the parties settled this action. For the settlement of all claims arising out of the incident at issue Defendant will pay to Plaintiff the

sum of $50,000.00. In light of the claims in this case, the extent of the damages, and the defenses asserted the Court finds that this amount represents a reasonable compromise of the case. Of the $50,000.00, twenty-five percent, or $12,500.00, plus New Mexico Gross Receipts Tax, will go toward Plaintiff's attorney's fees. That amount is dictated by the Federal Tort Claims Act and is reasonable given counsel's services and efforts in this action. As a percentage of the recovery, the amount of attorney's fees fall below the norms in this District. The costs incurred in this case which must be deducted from Plaintiff's recovery are $2,600.00, the majority of which are deposition fees and which reflect the substantial efforts required to effect the recovery. $34,000.00 will go to the child.

Counsel have represented to the Court that the child is unlikely to be required to contribute to future medical care, as he is entitled to Indian Health Services treatment. Counsel for Defendant stated that she is unaware of any liens against Plaintiff for the child's past medical care. Plaintiff's counsel and Plaintiff, the child's mother, have represented to the Court that they will place one half of the settlement funds, approximately $17,000.00, will be used to purchase an interest bearing certificate of deposit which will mature at the time of the child's majority, whereupon it will be available for him to use for his education or other needs. The remainder of the funds will be placed in a savings account to be disbursed, with his parent's advice and consent, for educational and other needs. Counsel for Plaintiff and Defendant note that Plaintiff has had the best interests of her child in mind in conducting this litigation.

The Court finds that this plan provides for the child's likely future needs while safeguarding a significant sum for his majority and recommends that the settlement be approved on those terms.

**IT IS THEREFORE RECOMMENDED** that the Court approve the terms of the settlement and enter an order dismissing this action.

_____
**DON J. SVET
UNITED STATES MAGISTRATE JUDGE**